ROGERS, Circuit Judge.
Petitioner-Appellant Julio Valdez appeals the district court’s dismissal of his 28 U.S.C. § 2255 petition. Valdez pled guilty in August 2001 to one count of conspiring “to distribute and possess with intent to distribute cocaine and cocaine base.” J.A. 132 (Indictment). The district court imposed a sentence of 192 months. Valdez appealed his conviction to this court, arguing, among other things, that he received ineffective assistance of counsel. This court affirmed the conviction, but it declined to reach the merits of Valdez’s ineffective-assistance-of-counsel claim on direct appeal. United States v. Valdez, 362 F.3d 903, 913-14 (6th Cir.2004). In this collateral attack on his conviction, Valdez raises three ineffective-assistance-of-counsel arguments, including the claim made on direct appeal that he received ineffective assistance of counsel because defense counsel did not file a timely motion to withdraw Valdez’s plea. The district court held that this court on direct appeal “disposed of’ Valdez’s ineffective-assistance-of-counsel claim. Valdez v. United States, No. 3:05 CV 7132, 2005 WL 1398542, at *1 (N.D.Ohio June 10, 2005). This court subsequently issued a certificate of appealability as to whether Valdez received ineffective assistance of counsel.
We vacate and remand the order of the district court denying Valdez’s motion to vacate his sentence. The district court’s rationale for dismissing the petition was incorrect, and the district court should decide Valdez’s ineffective-assistance-of-counsel claims in the first instance.
On September 5, 2000, a grand jury indicted Julio Valdez on one count of conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 846; and two counts of knowingly and intentionally possessing *326 with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Valdez pled guilty to the conspiracy charge and the district court sentenced him to imprisonment for 192 months.[1]
On direct appeal, this court rejected two of Valdez’s arguments and refused to consider the third. First, this court rejected Valdez’s argument that his guilty plea was not made knowingly and voluntarily. Valdez, 862 F.3d at 908-12. Second, this court held that the district court did not abuse its discretion in denying Valdez permission to withdraw his guilty plea. Id. at 912-13.[2] Finally, this court “decline[d] to entertain the merits of Valdez’s claim of ineffective assistance of counsel.” Id. at 914. Therefore, this court affirmed Valdez’s sentence.
Valdez, acting pro se, then brought a petition under 28 U.S.C. § 2255 with three claims: (1) he received ineffective assistance of counsel; (2) his sentence violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and (3) his sentence violated Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Valdez, 2005 WL 1398542, at *1.[3] The district court held that this court had “disposed of’ Valdez’s ineffective-assistance-of-eounsel claim on direct appeal. Id. The district court also rejected Valdez’s other challenges. Id.
Valdez filed a notice of appeal in this court, and this court construed that notice as an application for a certificate of appeal-ability. This court granted a certificate as to one issue: whether Valdez received ineffective assistance of counsel. The order explicitly noted that “[t]his court did not dispose of this claim on the merits but reserved ruling on the issue.” J.A. 118 (Order). This court appointed counsel for Valdez and permitted him to proceed in forma pauperis.
The district court appears to have erred in deciding that this court already disposed of Valdez’s ineffective-assistance-of-counsel claims on direct appeal. A remand is therefore warranted so that the district court can decide the claims and whether Valdez is entitled to an evidentiary hearing on the claims. This court did not dispose of Valdez’s claims for ineffective assistance of counsel; instead, it declined to hear those claims on direct appeal. See Valdez, 362 F.3d at 913-14.
The puzzling nature of the district court’s statement that this court had dis *327 posed of the ineffeetive-assistance-of-counsel claims may suggest that what the district court really meant was that this court had effectively, albeit implicitly, decided those claims by holding that Valdez’s guilty plea was knowing and voluntary. Even under such a reading of the district court’s opinion, however, the district court’s judgment cannot be upheld. Valdez argues that his counsel was constitutionally ineffective for (1) waiting 75 days to file a motion to withdraw Valdez’s guilty plea; (2) advising Valdez to plead guilty without having first conducted a reasonable investigation into Valdez’s criminal history; and (3) faffing to ensure that Valdez made an informed decision when waiving his right to a trial.[4] Our prior decision did not foreclose the possibility that Valdez might prevail on one of these arguments. First, when deciding that Valdez’s plea was knowing and voluntary, we considered only whether Valdez knew the elements of the crime to which he pled guilty, including the drug quantity. Valdez, 362 F.3d at 910-12. Valdez no longer argues that his counsel was constitutionally ineffective for failing to inform him about the amount of drugs to which he pled guilty, but instead he argues that his counsel was constitutionally ineffective for waiting too long to withdraw the guilty plea, faffing to investigate Valdez’s criminal history, and failing to inform Valdez of his likely sentencing range.[5] Second, whether a plea was knowing and voluntary for Rule 11 purposes and whether counsel was constitutionally ineffective for failing to advise a defendant of the consequences of the plea (such that the defendant would not have decided to plead guilty) are different inquiries. See Hill, 474 U.S. at 56, 106 S.Ct. 366 (distinguishing between information the Government must provide to a defendant so that a guilty plea is voluntary for Rule 11 purposes and erroneous information that defendant’s attorney might provide to the defendant that would make a guilty plea involuntary because of ineffective assistance of counsel). We did not previously decide whether Valdez’s plea was involuntary because of counsel’s purported deficiencies.[6] Finally, reading our earlier opinion as implicitly denying Valdez’s ineffective-assistance-of-counsel claim would be in substantial tension with our explicit deferral of adjudication of that claim.
Although the Government asks that we now deny Valdez’s claims on the merits, a remand in this case is more appropriate because it is consistent with the policy reasons why this court ordinarily does not address ineffective-assistanee-of-eounsel *328 claims on direct appeal. First, facts needed to prove such claims are “more appropriately developed at the district court level” during a post-conviction proceeding. See, e.g., Valdez, 362 F.3d at 913. Here, the district court did not make any factual findings related to Valdez’s claims because the district court incorrectly ruled that this court had already decided such claims. Second, the Supreme Court has noted that a benefit of deciding ineffective-assistance-of-counsel claims in a collateral proceeding is that, because often a § 2255 motion will be decided by the district judge who presided at trial, “[t]he judge, having observed the earlier trial, should have an advantageous perspective for determining the effectiveness of counsel’s conduct and whether any deficiencies were prejudicial.” Massaro v. United States, 538 U.S. 500, 506, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Here, the district judge who ruled on Valdez’s § 2255 motion was also the presiding judge at Valdez’s trial, and thus is in a much better position than this court to decide whether Valdez’s counsel’s representation was deficient, whether Valdez was prejudiced by any such deficiency, and whether Valdez should be granted an evidentiary hearing on his claims. See also Blanton v. United States, 94 F.3d 227, 235 (6th Cir.1996) (“[W]hen the trial judge also hears the collateral proceedings ..., that judge may rely on his recollections of the trial in ruling on the collateral attack.”).
Finally, a remand avoids the unusual procedural posture whereby we would have to decide whether to grant an evidentiary hearing, instead of reviewing the district court’s decision for an abuse of discretion. If the district court, after considering the case anew, denies Valdez an evidentiary hearing, we would then review that decision under the typical abuse-of-discretion standard.
Accordingly, we VACATE and REMAND the order of the district court so that the district court can consider Valdez’s ineffective-assistance-of-counsel claims in the first instance.

. We previously described, in more detail, the facts surrounding Valdez's plea agreement in Valdez, 362 F.3d at 905-08.

. The district court gave three reasons for denying Valdez permission to withdraw his plea: (1) Valdez waited 75 days to file a motion to withdraw; (2) the circumstances surrounding Valdez's plea suggested that he understood the indictment and discussed it with his attorney; and (3) the Government might have been prejudiced because witnesses' recollections might have become stale and because the Government would need to expend time and money trying the case. Valdez, 362 F.3d at 912-13. This court held that although there was no factual basis for finding that the Government suffered prejudice, the district court’s decision to deny Valdez permission to withdraw was not an abuse of discretion. Id. at 913. This court held that the 75-day delay in filing the motion was, by itself, sufficient reason to deny Valdez permission. Id. This court also held that the circumstances surrounding Valdez’s plea revealed that Valdez assented three times to the quantity of drugs that he allegedly possessed. Id.

. Although the district court addressed the merits of Valdez’s Shepard and Booker claims, the district court also correctly noted that Valdez waived any collateral attack on his sentence. Valdez, 2005 WL 1398542, at *1. The Government does not argue that Valdez waived his right to bring ineffective-assistance-of-counsel claims.

. To succeed on his ineffective-assistance-of-counsel claims, Valdez must show that "counsel's representation 'fell below an objective standard of reasonableness,’ ” McFarland v. Yukins, 356 F.3d 688, 709-10 (6th Cir.2004) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ), and that "there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) .

. Although Valdez, in his pro se Motion to Vacate, argues that his counsel was ineffective for failing to inform him of the difference between grams and kilograms of cocaine (the argument Valdez initially made on direct appeal for why his plea was not voluntary), Valdez’s Motion also explicitly refers to his attorney’s delay in filing the motion to withdraw and arguably refers to the fact that his attorney did not inform him about the application of the Sentencing Guidelines.

. For example, we decided that the district court properly denied Valdez’s motion to withdraw his plea because Valdez’s attorney waited 75 days to file the motion. Valdez, 362 F.3d at 913. Although we held that Valdez’s plea was knowing and voluntary, we did not decide whether his attorney's delay constituted ineffective assistance of counsel or whether the delay prejudiced Valdez.